Filed 8/7/26  P. v. Kumar CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>SHALESH SANJAY KUMAR,<br>        Defendant and Appellant. | C102314<br><br>(Super. Ct. No. 23FE002257) |

For a year and a half, defendant Shalesh Sanjay Kumar, a man over 40 years old, lived with K.S. when she was 16 to 17 years old and had sex with her almost every day. Defendant recorded videos of their sexual acts.  A jury found defendant guilty of 87 counts related to sexual abuse of K.S. and possession of child pornography.  The trial court sentenced defendant to 60 years four months in prison.

On appeal, defendant argues that Penal Code section 654 [statutory section citations that follow are to the Penal Code] precludes punishment for both production of child pornography and possession of child pornography, because the act and intent of possession was based on the same acts and intentions in making the video recordings.

We affirm the judgment.

### FACTS AND HISTORY OF THE PROCEEDINGS

We limit our recital of the underlying facts to those necessary for context and relevant to the issues on appeal.

1

K.S. was born in 2005. Defendant was born in 1981. K.S. met defendant when she was in the fourth grade. Defendant's son and K.S.'s younger brothers were in the same kindergarten class, and K.S. used to take defendant's son to class. In July 2020, when K.S. was 15 years old, defendant recognized her on social media and reached out to her. K.S. told defendant she was 15 years old. They met in person in October 2020 and started seeing each other. This led to defendant and K.S. holding hands, hugging, and kissing.

On Thanksgiving in 2020, K.S., her father, and her sister spent the night at defendant's house. After dinner, K.S. was upset and crying in defendant's daughter's room. Defendant came in to comfort her. While his daughter slept, defendant orally copulated and had sexual intercourse with K.S.

The next day K.S.'s father showed her a photo he had taken in the middle of the night of K.S. and defendant asleep together. K.S. was 15 years old. K.S.'s father said he did not want K.S. to see defendant anymore. K.S. continued to communicate with defendant in secret.

In January 2021, Child Protective Services removed K.S. from her father's house and placed her in foster care and then a group home. She continued to communicate with defendant. In April 2021, defendant drove to the group home in the middle of the night, and K.S. climbed out a window. They drove back to defendant's house and had sexual intercourse. K.S. was 16 years old at the time.

K.S. lived at defendant's house from April 2021 to October 2022. They had sex almost every day, including vaginal sex, anal sex once or twice a month, and orally copulated each other every time they had sex.

Beginning in 2021 to October 2022, defendant recorded multiple videos of defendant and K.S. having sex, including videos of sexual intercourse, anal sex, and oral copulation. K.S. was 16 or 17 years old in the videos. Police found no less than 70 videos depicting sexual acts between defendant and K.S. on defendant's phone.

2

In October 2022, K.S. was at defendant's house with a male friend when defendant came home. Defendant accused K.S. of cheating and threw her against a couch. Defendant choked K.S. until she lost consciousness. K.S. went to a neighbor's house and two days later reported the incident to the police.

Defendant was arrested on October 29, 2022, and his cell phone was confiscated. Police detectives obtained a warrant, searched defendant's cell phone, and extracted videos of defendant and K.S. engaging in sexual acts.

Defendant testified at trial that K.S. messaged him on social media in 2020. She said she was 19 years old and never mentioned she was a minor. They messaged each other regularly on social media.

Defendant denied engaging in any sexual activity with K.S. on Thanksgiving 2020.

Defendant did not see K.S. again until April 2021. Defendant was aware that Child Protective Services had taken K.S. But defendant did not help K.S. leave a group home. K.S. called him and asked to live with him because her father was forcing her into an arranged marriage in India. Defendant agreed. He believed K.S. was 19 years old.

They were in a romantic relationship from April 2021 through September 2022. They presented themselves as a couple, and defendant never tried to hide their relationship. No one ever told defendant that K.S. was underage.

When defendant engaged in sexual acts with K.S. on the videos, he believed she was 19 years old. The videos were K.S.'s idea.

Within months of moving in with defendant, K.S. started going out with friends and coming home drunk, sometimes staying out all night. Defendant was concerned about men being at the house when he was not there. Defendant took photos that K.S. used to make a false I.D. for herself, so she could go out to clubs and bars where patrons were required to be 21 years of age.

3

In October 2022, defendant came home and found an intoxicated K.S. dancing and drinking with a man. K.S. hit defendant with a metal rod. Defendant pushed K.S., and she fell down. Defendant denied choking, grabbing, or hitting K.S. Defendant brandished a gun to force the man to leave the house. K.S. left but returned the same night. Defendant told K.S. she could no longer live with him.

In August 2024, defendant was charged with one count of lewd and lascivious acts on a child (§ 288, subd. (c)(1); count 1); one count of oral copulation of a child (§ 287, subd. (b)(2); count 2); 18 counts of unlawful sexual intercourse with a minor under 18 years (§ 261.5, subd. (c); counts 3, 6, 15, 20, 26, 30, 35, 39, 42, 47, 51, 58, 65, 69, 73, 78, 83, 88); 37 counts of oral copulation with a person under the age of 18 years (§ 287, subd. (b)(1); counts 4, 8-9, 12-13, 17-18, 22-23, 27-28, 31-32, 36-37, 40, 44-45, 48-49, 53-54, 56, 60-61, 63, 66-67, 70-71, 74-75, 79-80, 84-85, 89); 21 counts of using a minor to create obscene material (§ 311.4, subd. (c); counts 5, 10, 14, 19, 25, 29, 34, 38, 41, 46, 50, 55, 57, 62, 64, 68, 72, 77, 82, 87, 91); seven counts of sexual penetration of a person under the age of 18 years with a foreign object (§ 289, subd. (h); counts 7, 11, 24, 33, 43, 52, 59); two counts of sodomy with a person under the age of 18 years (§ 286, subd. (b)(1); counts 16 & 21); four counts of exhibiting harmful material to a minor (§ 288.2, subd. (a); counts 76, 81, 86, 90); and one count of possession of child pornography (§ 311.11, subd. (a); count 92). As factors in aggravation, the information alleged that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3) [rule references that follow are to the California Rules of Court], the manner of the offense indicated planning, sophistication, and professionalism (rule 4.421(a)(8)), and defendant took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)).

The jury could not reach a verdict on the charge of copulation of a minor under 16 (count 2), which the trial court dismissed on the People's motion. The jury found defendant guilty of the remaining charges except for four counts of exhibiting harmful

4

material to a minor (counts 76, 81, 86 and 90). The jury found the aggravating factors true for all counts, except for count 1 where the jury found the rule 4.421(a)(8) factor not true. The trial court sentenced defendant to an aggregate sentence of 60 years four months in prison, comprised of the upper term of three years on count 1 and one-third the middle term of eight months consecutive on the remaining counts. The court awarded defendant custody credit of 598 days of actual time and 598 days of good conduct for a total of 1,196 days. The trial court imposed minimum mandatory fines and fees.

Defendant filed a timely appeal.

## DISCUSSION

### I

### *Section 654*

Defendant contends that punishment for count 92, possessing child pornography, must be stayed under section 654, because the "act and intent of possession [of child pornography] is based on the same acts and intentions undertaken in making the video recordings."

<u>Background</u>

In September 2024, the People filed a sentencing brief that included a footnote acknowledging "that in the event the court imposes sentences for the violations of PC 311.4, the sentence for Defendant['s] conviction for PC 311.11, which is possession of the child pornography that Defendant created with [K.S.], should be stayed pursuant to PC 654." The People recommended an aggregate term of 59 years eight months in prison with the sentence on count 92 stayed under section 654.

In October 2024, the probation department filed a report recommending an aggregate term of 60 years four months, including one-third the middle term of eight months consecutive on count 92 for violation of section 311.11, subdivision (a).

5

At the sentencing hearing, the trial court noted that the People's sentencing memorandum differed from the probation report. The prosecutor agreed but clarified that the People's sentencing memorandum was based on an earlier iteration of the probation report. The prosecutor requested that the trial court impose the sentence recommended in the recent probation report.

Defense counsel asked the trial court to consider a term less than 60 years and run some of the counts concurrent to give defendant a possibility of parole before he reached his eighties and nineties.

The court adopted the recommendation of the probation department.

<u>Analysis</u>

Subdivision (a) of section 654 provides in relevant part that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Section 654 is applicable "not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction." (*People v. Perez* (1979) 23 Cal.3d 545, 551.) Determining whether a course of conduct is indivisible is dependent on the defendant's intent and objective. (*Ibid.*) Separate punishment is permitted where the defendant had "multiple or simultaneous objectives, independent of and not merely incidental to each other." (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267.)

Even offenses with a single intent or objective are subject to separate punishment where they are " 'temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken.' " (*People v. Hicks* (2017) 17 Cal.App.5th 496, 514 (*Hicks*); see also *People v. Lopez*

(2011) 198 Cal.App.4th 698, 717-718 (*Lopez*); *People v. Petronella* (2013) 218 Cal.App.4th 945, 964.)

"If the court makes no express findings on the issue, as happened here, a finding that the crimes were divisible is implicit in the judgment and must be upheld if supported by substantial evidence." (*Lopez, supra*, 198 Cal.App.4th at p. 717; see also *People v. Powell* (2011) 194 Cal.App.4th 1268, 1296.)

The People agree with defendant, as do we, that although defendant did not raise a section 654 objection regarding count 92 at sentencing, a sentence that violates section 654 is unauthorized and therefore reviewable in the first instance on appeal. (*Perez, supra*, 23 Cal.3d at p. 549, fn. 3.)

Defendant argues that each time he made video of sexual acts with K.S., he "possessed the video, adding to the collection of videos found in his possession following his arrest. The acts of making the videos were not separate from the continuing act of possessing the videos."

This argument ignores the substantial temporal separation between when the images were created and the time when defendant was arrested with the videos still in his possession on his cell phone. Defendant was found guilty of creating the first video depicting sexual acts with K.S. on March 4, 2022, and the last such video on October 5, 2022. Defendant's cell phone containing the videos was confiscated on October 29, 2022, when he was arrested. The temporal separation gave defendant ample opportunity to reflect and form a new intent to possess the videos rather than delete them after creating them, thus making multiple punishments permissible. (See *Hicks, supra*, 17 Cal.App.5th at p. 514; see also *People v. Clair* (2011) 197 Cal.App.4th 949, 960 [assuming defendant sent emails attaching child pornography with one single intent and objective, the temporal separation of emails sent minutes to hours apart allowed defendant an opportunity to reflect on his conduct and renew his intent to commit another crime].) The sentence imposed for count 92 does not violate section 654.

7

## DISPOSITION

The judgment is affirmed.

                                               _____

                                               HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

MESIWALA, J.